**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────────

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**

              **v.**                                    **11-CR-210A**

**LAMONT OAKES,**

                              **Defendant.**
─────────────────────────────────────

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.


**PRELIMINARY STATEMENT**

The defendant, Lamont Oakes ("the defendant"), is charged in a multi-count indictment with having violated Title 21 U.S.C.  §§ 841(a)(1) and 841(b)(1)( C) (Count 1); Title 21 U.S.C. § 856(a)(1) (Count 2); Title 18 U.S.C. § 924(c)(1) (Count 3); and Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 4).  (Docket #1).  The indictment also contains a forfeiture count seeking forfeiture of firearms and ammunition pursuant to Title 18 U.S.C. §§ 924(d) and 3665 and Title 28 U.S.C. § 2461( c).  (Docket #1).


The defendant has filed an omnibus discovery motion wherein he seeks "discovery and inspection; *Brady* material; disclosure of evidence pursuant to Federal

Rules of Evidence 404(b), 608 and 609; disclosure of witnesses' statements; preservation of rough notes; preservation of potential evidence and the right to make further and additional motions which may be necessitated by the Court's rulings on the relief sought."  (Dkt. #9).

In addition to its Response to the defendant's requests, the government has filed a reciprocal motion for discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.  (Dkt. #10).

Each of the aforesaid requests will be separately addressed herein.

## DISCUSSION AND ANALYSIS

### 1.      Defendant's Request For "Discovery And Inspection"

The defendant seeks "discovery of any items or information to which [he] is entitled, but was not previously provided" pursuant to Fed. R. Crim. P. 16(a)(1)(A)(B) and (D).  (Dkt. #9, ¶ 14).

The government has responded by stating that "it provided voluntary discovery material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B)" and that "additional discovery will be provided under a separate cover and the government is aware of its ongoing discovery obligations."  (Dkt. #10. P. 7).

Based on the government's response, the defendant's request is DENIED as being moot.

### 2.    Defendant's Request For Brady Material

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases.  The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial.  As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant."

*Coppa* at 146.  The prosecution is obligated to disclose and turn over *Brady* material to

the defense "in time for its effective use."  *Coppa* at 144.  With respect to impeachment

material that does not rise to the level of being *Brady* material, such as *Jencks*

statements, the prosecution is not required to disclose and turn over such statements

until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule

26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the

government has adopted a policy of turning such materials over to the defendant prior

to trial, the government shall comply with that policy; or in the alternative, produce such

materials in accordance with the scheduling order issued by the trial judge.

### 3.    Disclosure Of Evidence Pursuant To FRE 404(b), 608 and 609

The defendant "requests that the government notify [him] of any evidence

that the government contends would be admissible under Fed. R. Evid. 404(b)."

(Dkt. #9, ¶ 25).

The government states that it "will advise the defendant of its intent to use

'other acts' evidence pursuant to Fed. R. Evid. 404(b), or its intent to offer evidence

pursuant to Fed. R. Evid 608(b) and 609 at the time it is ordered to do so by the district

court or consistent with its disclosure of *Jenks* material.  (Dkt. #10, p. 13).

Rule 404(b) FRE only requires that "the prosecution . . . provide

reasonable notice in advance of trial . . . of the *general* nature of any such evidence it

intends to introduce at trial" (emphasis added).  This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 FRE is best left to the determination of the trial judge at the time of trial.

Rule 608 FRE does not contain a required pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is DENIED.

### 4.      Disclosure Of Witnesses' Statements

The defendant requests "disclosure of witnesses' statements pursuant to 18 U.S.C. § 3500 (*Jencks* Act) and rule 26.2 of the Federal Rules of Criminal Procedure."  (Dkt. #9, ¶ 33).

The government states that it "will provide to the defendant all the material required to be provided to the defendant pursuant to Title 18, United States Code, Section 3500, *Jencks* Act at a time no later than two weeks prior to trial or as ordered by the District Court."

Based on the government's response, the defendant's request is DENIED on the basis that it is moot.

**5.      Preservation Of Rough Notes**

It appears that the defendant is attempting to have all potential *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [We will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffaloing*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatik*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

### 6.    Preservation Of Potential Evidence

The defendant asserts that although the government has provided "documentary evidence," it has not filed "notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the Defendant may be entitled to discovery under Rule 16."  (Dkt. #9, ¶ 46).

In its Response, the government states that it "has made available all tangible objects" to the defendant which it plans to use "as evidence-in-chief at trial or obtained from or belonging to the defendant" and that "such evidence shall be used by the government against [him] at trial" in accordance with Rule 12 of the Fed. R. Crim. P. (Dkt. #10, pp. 8-9.

Based on the government's Response, the defendant's request is DENIED on the basis that it is moot.

### 7.     Defendant's Request To Be Allowed
###         To Make Additional Motions

The defendant requests that he be allowed "to make further and additional motions which may be necessitated by the Court's rulings on the relief sought" in his omnibus discovery motion.  (Dkt. #9, ¶ 48).


This request is GRANTED subject to the limitations as contained in the aforesaid quote.


### 8.     Government's Request For Reciprocal Discovery

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

The government has also requested "advance disclosure of any statement(s) the defendant proposes to utilize at a trial of this matter" pursuant to FRE 807.

This request is DENIED on the basis that it is moot by reason of the requirements contained within Rule 807 of the FRE wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declaring.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure**

**to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            May 16, 2012

*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**