UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                           Plaintiff,

        v.                          DECISION AND ORDER
                                        11-CR–210A

LAMONT OAKES,

                           Defendant.

---

### *Introduction*

On June 23, 2011, Defendant Lamont Oakes ("Defendant") was charged, in a four-count indictment, with possession with intent to distribute cocaine in violation of Section 841 of Title 21 of the United States Code, maintaining a premise to distribute cocaine in violation of Section 856 of Title 21 of the United States Code, possession of a firearm in furtherance of drug trafficking in violation of Section 924 of Title 18 of the United States Code, and with being a felon in possession of a firearm and ammunition in violation of Sections 922 and 924 of Title 18 of the United States Code.  The matter was referred to Magistrate Judge H. Kenneth Schroeder, Jr., for pretrial proceedings pursuant to 28 U.S.C. §636(b)(1).

On September 16, 2011, Defendant filed a motion seeking suppression of evidence found at his home as well as statements made at the time of his arrest.

(Docket #9)  The Government filed a response to Defendant's suppression motion on September 26, 2011. (Docket #10)  On December 6, 2011 and January 10, 2012, Magistrate Judge Schroeder conducted a hearing to determine whether the contraband found at the time of Defendant's arrest was lawfully seized, and whether statements made by Defendant at the time of his arrest were voluntary.

On May 15, 2012, Magistrate Judge Schroeder issued a Report and Recommendation recommending that Defendant's motion to suppress evidence and his statements be denied in its entirety.  (Docket #25)  Specifically, Magistrate Judge Schroeder concluded that the contraband discovered at the time of Defendant's arrest was seized pursuant to a lawful search, and that Defendant's statements at the time of his arrest were made knowingly and voluntarily.

On May 29, 2012, Defendant filed objections to Magistrate Judge Schroeder's Report and Recommendation.  (Docket #27)  The Government responded on June 4, 2012.  (Docket #29)  Oral argument was held before this Court on June 29, 2012.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  After reviewing Magistrate Judge Schroeder's Report and Recommendation, as well as reviewing the submissions and hearing

argument from the parties, the Court adopts Magistrate Judge Schroeder's Report and Recommendation in its entirety.

### *Discussion*

### *Search of 195 Northland Avenue*

Magistrate Judge Schroeder concluded that Ernetta Curry, who resides with Defendant and is a co-occupant at 195 Northland Avenue, validly consented to a search of those premises on June 9, 2011.[1]  Therefore the search and seizure of the contraband from the premises did not violate Defendant's Fourth Amendment rights.  Defendant argues that Magistrate Judge Schroeder erroneously concluded that Ms. Curry knowingly and intelligently consented to a search of the residence.  Specifically, Defendant maintains that Ms. Curry was drinking hard liquor for many hours before the Buffalo police officers arrived and, because she was highly intoxicated, she did not voluntarily consent to the search.

The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings.  *See Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (quoting *Cullen v. United*

---

[1] For a complete discussion of the operative facts in this case, as well as the testimony presented during the suppression hearing, see Magistrate Judge Schroeder's Report Recommendation and Order dated May 15, 2012.  (Docket #25)

*States*, 194 F.3d 401, 407 (2d Cir. 1999); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised.").

Magistrate Judge Schroeder credited the testimony of the Buffalo police officers who testified that when they encountered Ms. Curry she was fully conscious, coherent and did not appear to be under the influence of any drugs or alcohol. In addition, Magistrate Judge Schroeder credited the testimony of Heidi Delnuovo, the volunteer from crisis services who interacted with Ms. Curry at ECMC and witnessed the consent to search form. Ms. Delnuovo testified that Ms. Curry was coherent, able to understand what was going on and answer questions in an appropriate manner, and did not appear to be under the influence of alcohol or drugs.

Further, Magistrate Judge Schroeder rejected Ms. Curry's testimony regarding her intoxication and mental competence. At the time of the suppression hearing, Ms. Curry admitted that she lied to her prior attorney about signing the consent to search form because she wanted the charges against Defendant "dropped". Moreover, Ms. Curry testified as an uncooperative witness and had to be arrested on a material witness warrant before she appeared at the suppression hearing. Magistrate Judge Schroeder noted that because Ms. Curry

admitted that she did not want Defendant prosecuted for this offense, she had motivation to disavow her consent to search by claiming that she was incoherent or heavily intoxicated.

For these reasons, this Court accepts Magistrate Judge Schroeder's credibility findings and adopts his conclusion that Ms. Curry, a co-resident, gave a knowing and voluntarily consent to search 195 Northland Avenue.

### *Scope of the Search*

Defendant further argues that even if Ms. Curry's consent was voluntary, the search exceeded its permissive scope. In conducting a search of 195 Northland Avenue, officers found a gun under a mattress and crack cocaine at the bottom of a laundry hamper. Defendant maintains that when the officer asked Ms. Curry, "do you mind if we take a look around?", a reasonable person would not have interpreted that to mean that the officers intended to look under mattresses and in laundry hampers. This Court finds Defendant's argument unavailing.

The standard for measuring the scope of consent to search under the Fourth Amendment is that of objective reasonableness – what would the typical reasonable person have understood by the exchange. *Florida v. Jimeno*, 500 US 248 (1991). Importantly, the scope of a search is generally defined by its expressed object. *Id*. In *Jimeno*, a suspect gave an officer permission to search his car, and did not place any limitations on the search. The officer told the

suspect that he believed the suspect was carrying drugs, and that was what he intended to search for. The Supreme Court held that "it was objectively reasonable for the police to conclude that the general consent to search [the suspect's] car included consent to search containers that might bear drugs." *Id*. The *Jimeno* Court opined that "a suspect may of course delimit as he chooses the scope of the search to which he consents...[b]ut if his consent would reasonably be understood to extend to a particular container, the Fourth Amendment provides no ground for requiring a more explicit authorization." *Id*. *See also United States v. Tellier*, 1996 U.S. App. LEXIS 10932 (2d Cir. 1996) ("The officers asked for and received [defendant's girlfriend]'s permission to search for a gun. Under these circumstances, the officers certainly had authority to search [the] bureau and night table, where the challenged evidence was found.").[2]

Ms. Curry's acknowledgment that the officers could "take a look around" constituted consent to a general search of the premises. Further, Ms. Curry was aware that the officers intended to look for weapons. Therefore, it was reasonable to assume that they would be searching anywhere in the house

---

[2]Also significant here, the Second Circuit has held that the word "search" need not be expressly uttered to give a valid consent to search an item or premises. *United States v. Marquez*, 1997 US App. LEXIS 2850 (2d Cir. 1997). Words such as "take a look" or "have a look" are sufficient consent to a general search. *Id.*

where a gun could have been secreted, such as in a hamper or under a mattress. This Court finds that the scope of the officers search of 195 Northland Avenue was authorized by Ms. Curry's consent.

*Defendant's Alleged Objection to the Search*

Defendant objects to Magistrate Judge Schroeder's finding that Defendant did not effectively object to the search of the premises. According to the hearing testimony, after Defendant was placed in the back of the patrol car, he told the police officers to "secure the house." Defendant claims that this statement was a valid objection to any further search of the house. This Court is in agreement with Magistrate Judge Schroeder's conclusion that the Supreme Court decisions in *United States v. Matlock,* 415 U.S. 164 (1974) and *Georgia v. Randolph,* 547 U.S. 103 (2006) govern the instant matter. Thus, this Court adopts the Magistrate Judge's finding that Defendant's alleged request that the officers "secure the house" did not constitute a valid objection to the search.

In *Matlock*, the Supreme Court held that a third party who maintains common authority, such as joint access, over the place to be searched may consent to the search. 415 U.S. at 171. In *Georgia*, the Supreme Court went a step further and found that when law enforcement officers conduct a search, authorized by one co-occupant, over the express objection of another co-occupant, any further search would be unreasonable as to the objecting co-occupant. 547 US at 122-123 (2006). However, as correctly characterized by

7

Magistrate Judge Schroeder, the Court in *Georgia* specifically preserved its holdings in cases such as *Matlock*, where searches were held to be valid based on the consent of a co-occupant, even though the other occupant was nearby and did not give consent to search. Magistrate Judge Schroeder recognized that *Matlock* involved a scenario almost identical to the instant matter, where the Court upheld a search based upon the wife's consent, even though the husband was in a squad car in front of the house and not presented with the opportunity to object.

Here, Defendant was in a patrol car in front of the residence when the officers asked the co-occupant, Ms. Curry, if they could search the residence for firearms. As previously explained, once consent from a co-occupant had been obtained, the officers had no obligation to obtain consent from Defendant.[3]

*Defendant's Statements*

Defendant argues that Magistrate Judge Schroeder erred in concluding that the statements he made incident to his arrest on June 9, 2011 were voluntary and should not be suppressed. Specifically, Defendant claims that because none of the officers could recall the exact time Defendant was read the warnings and

---

[3]This Court adopts Magistrate Judge Schroeder's determination that Ms. Curry's consent sufficed for a reasonable search, notwithstanding the fact that Defendant may have objected to the search while in the police car. However, the Court also notes that Defendant's statements about "securing the premises" are insufficient to render the search improper. His statements appear to be a request that officers "lock-up" or secure the house before taking him to the police station, rather than an objection to a search.

rights required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and because Defendant never initialed a waiver of rights, there is insufficient evidence to conclude he received his *Miranda* warnings.

Magistrate Judge Schroeder found that the officers' testimony at the suppression hearing wholly contradicted Defendant's claim that he did not receive his *Miranda* warnings. One of the officers testified that while he did not know the exact time the warnings were given, he knew they were given "after the guns were found" and "before they went to E District." Another officer testified that he observed a fellow officer leave the house with the guns and narcotics, that he conversed with that officer outside the presence of Defendant and decided to place Defendant under arrest. The officer testified that it was after this conversation that he entered the police car and proceeded to give Defendant his *Miranda* warnings. Defendant's statements were made while he was in the car and at E District. As a result of this testimony, Magistrate Judge Schroeder found Defendant's statements were made voluntarily after he had been properly administered his *Miranda* rights and warnings.

As stated above, on disputed issues of fact, a district court will ordinarily accept the credibility findings made by a Magistrate Judge following an evidentiary hearing. Indeed, this Court accepts Magistrate Judge Schroeder's findings that Defendant was properly administered his *Miranda* rights and warnings.

rights required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and because Defendant never initialed a waiver of rights, there is insufficient evidence to conclude he received his *Miranda* warnings.

Magistrate Judge Schroeder found that the officers' testimony at the suppression hearing wholly contradicted Defendant's claim that he did not receive his *Miranda* warnings. One of the officers testified that while he did not know the exact time the warnings were given, he knew they were given "after the guns were found" and "before they went to E District." Another officer testified that he observed a fellow officer leave the house with the guns and narcotics, that he conversed with that officer outside the presence of Defendant and decided to place Defendant under arrest. The officer testified that it was after this conversation that he entered the police car and proceeded to give Defendant his *Miranda* warnings. Defendant's statements were made while he was in the car and at E District. As a result of this testimony, Magistrate Judge Schroeder found Defendant's statements were made voluntarily after he had been properly administered his *Miranda* rights and warnings.

As stated above, on disputed issues of fact, a district court will ordinarily accept the credibility findings made by a Magistrate Judge following an evidentiary hearing. Indeed, this Court accepts Magistrate Judge Schroeder's findings that Defendant was properly administered his *Miranda* rights and warnings.

### ***Conclusion***

For the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation and in this Court's contemporaneously filed Decision and Order, Defendant's motion to suppress is denied in its entirety. The parties are directed to appear before this Court on August 2, 2012 at 12:30 pm to set a date for trial.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: JULY 31, 2012